UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STERLING CONSTRUCTION | ) |
| CORPORATION, d/b/a SCC | ) |
| CONSTRUCTION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:14-cv-1959 |
| SOS CONSTRUCTION AND ROOFING, | ) |
| INC. and GRANITE RE, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is an action seeking to compel arbitration filed by the plaintiff, Sterling Construction group, a general contractor on a large construction project in Nebraska. They are in a dispute with one of its subcontractors, defendant SOS Construction. Another defendant is Granite Re, Inc., SOS's surety. It is unclear what led to the underlying dispute, but in any event, the facts are unimportant. Both parties believe that the dispute needs to be arbitrated; the disagreement concerns *where* the arbitration should take place. Sterling says it should occur here in Indiana and that is what the present motion seeks. [DE 6] For its part, SOS has a filed a similar motion in the District of Nebraska. (Case No. 8:14-cv-00261-JFB-TDT). The judge in Nebraska denied the motion to compel arbitration in that district finding that Nebraska was not the proper venue for the arbitration, and that ruling is currently on appeal to the Eighth Circuit. (*Id*. at DE 26).

In deciding where the arbitration should occur, the first thing to consider is what the agreement between the parties says. The Sterling and SOS subcontract agreement contained the following provision:

> **To the fullest extent permitted by law, this Subcontract shall be governed by the laws of the State of Nebraska.** To the fullest extent permitted by applicable law, Subcontractor [(SOS)] and Contractor [(Sterling)] expressly agree that any arbitration proceedings related to any dispute hereunder shall be conducted solely in St. Joseph County, State of Indiana and that such county and state are the agreed venue, locale and jurisdiction for such arbitration proceedings.

(DE 1-1 at 18 (bold in original, party names added).)[1]

Prior to the Nebraska court's dismissal of their action, SOS filed a motion to dismiss, stay, or transfer this action in this Court. (DE 14.) SOS and Granite first request that I dismiss or stay this action pursuant to the first-filed rule as it relates to the action it previously filed in Nebraska. But since that action has already been dismissed, there is no longer a "first filed" action pending. That renders SOS's argument moot, so I will deny that request.

SOS also asks that I transfer this action to Nebraska under 28 U.S.C. § 1404(a). That provision allows for transfer of venue "in the interest of justice" for the "convenience of parties and witnesses. . . ." *Id.* This request is a bit puzzling, at least at

---

[1] The other defendant, Granite Re, is also bound by this language because SOS and Granite executed a Subcontract Performance Bond whereby the SOS's subcontract with Sterling was incorporated by reference. (DE 1-2.) So Granite, as SOS's surety, is bound by the Sterling/SOS subcontract as well. For ease of reference, unless context requires otherwise, I will only be referring to SOS in this opinion.

this point in time, in light of the fact that the judge in Nebraska has already told SOS that Nebraska is not the appropriate venue for the arbitration. So, pragmatically speaking, it is difficult to see what SOS and Granite would get out of transferring the case to Nebraska – they have already been told by the judge in Nebraska that the matter can't be arbitrated in that state.

SOS also individually requests that I dismiss it under Rule 12(b)(2) for lack of personal jurisdiction. Although it strikes me as a little unusual, SOS, the subcontractor in this matter, contests personal jurisdiction while Granite, SOS's surety, does not. Regardless, SOS has waived any challenge to personal jurisdiction. Challenges to personal jurisdiction can be waived by express or implied consent, such as by contracting to litigate a matter in a particular forum. *Heller Financial v. Midwhey Powder Co, Inc.*, 883 F.2d 1286, 1290-91 (7th Cir. 1989); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005). Such forum selection clauses should be upheld absent a strong showing that they should be set aside. *Heller*, 883 F.2d at 1290-91. In determining whether a forum selection clause confers personal jurisdiction, courts look to the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to decide whether the party has sufficient minimum contacts with a forum state to justify being haled into court there. *Citadel Group Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

Here, the parties expressly agreed to arbitrate in Indiana; more specifically, in St. Joseph County, within this District. That was a future consequence the parties freely

negotiated and agreed to. This is not a case like *Krones, Inc. v. Bromatic, Inc.*, No. 13-C-935, 2014 WL 4338718 (E.D.Wis. Aug. 29, 2014) or *United Financial Mortgage Corp. v. Bayshores Funding Corp.*, 245 F.Supp.2d 884 (N.D.Ill 2002) where a forum selection clause for arbitration was held insufficient to confer personal jurisdiction over subsequent *litigation* because the forum selection clause did not address litigation and the parties had not moved to compel arbitration. Here, the forum selection clause addresses the forum for arbitration and Sterling has moved to compel arbitration in that forum. And in fact, the court in *United Financial* found that in that situation, arbitration in accordance with the forum selection clause would have been proper. 245 F.Supp.2d at 893. I therefore find that SOS has waived its challenge to personal jurisdiction regarding this motion to compel arbitration.

The rest of SOS's requests boil down to whether Indiana is the proper venue for arbitration. The short answer is yes. The parties' subcontract agreement could scarcely be any clearer on the matter:

> **To the fullest extent permitted by law, this Subcontract shall be governed by the laws of the State of Nebraska.** To the fullest extent permitted by applicable law, Subcontractor [(SOS)] and Contractor [(Sterling)] expressly agree that any arbitration proceedings related to any dispute hereunder shall be conducted solely in St. Joseph County, State of Indiana and that such county and state are the agreed venue, locale and jurisdiction for such arbitration proceedings.

(DE 1-1 at 18 (bold in original, party names added).)

SOS argues that Nebraska law governs the entire contract – including the agreement to arbitrate – and therefore arbitration can occur in Indiana only to the extent

4

that Nebraska law allows. According to SOS, the Nebraska Construction Prompt Pay Act prevents arbitration from taking place in Indiana, and Indiana is therefore an improper venue. I don't agree.

As discussed above in connection with the jurisdiction question, a forum selection clause controls absent a strong showing that it should be set aside. *Heller*, 883 F.2d 1290-91. Here, the forum selection clause states that arbitration will occur in St. Joseph County, Indiana. (DE 1-1 at 18.) Only a court within the venue set forth in an arbitration agreement can compel arbitration, and the court must compel arbitration only within its own district. *Kawasaki Heavy Indust. Ltd. v. Bombardier Recreational Prods.*, 660 F.3d 988, 997 (7th Cir. 2011); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995); *Palmer v. Menards*, No. 3:12-cv-828, 2013 WL 3147374, *2 (N.D.Ind. June 17, 2013). Under this precedent, the parties' agreement seemingly authorizes me to compel arbitration in St. Joseph County, Indiana, as it is within my District.

SOS argues that it's not that simple. They say that Nebraska law governs the contract and the Nebraska Construction Prompt Pay Act prohibits matters relating to construction work performed within Nebraska from being arbitrated outside of Nebraska. Neb. Rev. St. § 45-1209. But even if I accept that Nebraska law governs the arbitration agreement, the Nebraska Construction Prompt Pay Act is preempted by the Federal Arbitration Act. As the Supreme Court has made clear, the Federal Arbitration Act preempts any state law that is geared towards invalidating arbitration agreements (*Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984)) or that outright prohibit arbitration of a

5

particular type of claim (*AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1747 (2011)). And that's exactly what the Nebraska statute does. The statute states: "The following provisions in any contract or subcontract for construction work performed within the State of Nebraska shall be against public policy and *shall be void and unenforceable* . . . (3) A provision that purports to require that the venue for a court or arbitration hearing be held at any location outside of the state." Neb. Rev. St. § 45-1209 (emphasis added).

Although SOS claims that the Prompt Pay Act allows for arbitration in Nebraska and therefore does not prohibit arbitration in this matter, that's not what the statute says. It clearly states that such arbitration provision will be held *void and unenforceable*. It does *not* say that any such venue will instead be in Nebraska. I therefore find that venue in Indiana is proper because even if Nebraska law controls this contract (and I make no finding as to whether that is the case), the Federal Arbitration Act preempts Nebraska's prohibition on out-of-state arbitration under its Prompt Pay Act.

So the proper venue for the arbitration is St. Joseph County, Indiana, and the only remaining question is whether to actually compel arbitration. When deciding whether to compel arbitration, the Court must determine that (1) there is a valid and enforceable agreement to arbitrate; and if so, (2) that the claims arising out of the present dispute fall within the scope of the claims they agreed to arbitrate. *See AT & T Techs., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 649 (1986); *Zurich Am. Ins. Co. v. Watts Indus, Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

It doesn't appear that SOS disputes either the arbitrability of Sterling's claims or that the agreement is valid, but instead disputes the proper venue. In other words, SOS

disputes only *where* arbitration should take place, not *if* it should take place. What is most telling on this point is the fact that SOS itself moved to compel arbitration in Nebraska. (*See e.g.* DE 15 at 4 (referencing Defendants' "Complaint for Declaratory Relief and Petition to Compel Arbitration in Accordance with Agreement"); DE 27 at 5 ("The Nebraska action petitions the court to compel arbitration in accordance with the arbitration agreement.").)

The parties have submitted to me a contract stating that they will arbitrate any dispute related to the contract. (DE 1-1.) SOS admits that the dispute arises out of that contract. (*See e.g.* DE 15 ¶¶ 2, 13.) It therefore appears that the parties have presented me with a valid and enforceable agreement to arbitrate and that their dispute falls within the scope of that agreement. I will therefore order arbitration to occur in St. Joseph County, Indiana.

For these reasons, Defendants' various requests to dismiss, stay, and/or transfer venue contained in Docket Entry 14 are **DENIED**. (DE 14.) Because the parties' briefing is more than adequate in assisting me to make this decision, I find a hearing to be unnecessary and will **DENY** that request, as well. (DE 17.) Plaintiff's Motion to Compel Arbitration is **GRANTED**. (DE 6.)

**SO ORDERED**.

ENTERED: May 11, 2015

s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
